**In re William John CHEVALIER, Debtor.**

**Bankruptcy No. 81–00434–BKC–TCB.**

United States Bankruptcy Court, S. D. Florida.

June 1, 1981.

ORDER DENYING CONFIRMATION

THOMAS C. BRITTON, Bankruptcy Judge.

A hearing was held on May 19, 1981, to consider confirmation of the debtor's chapter 13 plan.

Confirmation requires that the plan meet the six requirements of 11 U.S.C. § 1325(a). This plan fails to meet two of those requirements and, therefore, confirmation is denied.

The debtor is retired and derives his sole monthly income of approximately $1,400 from his pension. Of this amount, after subtracting expenses, the debtor proposes to pay a total of $500 a month to the secured and unsecured creditors. This includes a monthly mortgage payment of $217 as well as approximately $200 a month to purchase his car, a 1979 Oldsmobile. The balance of the monthly payment, $100, would be distributed among his unsecured creditors, $40 a month to his first wife and $60 a month to the remaining unsecured creditors.

In order to confirm a plan, this court must find that:

" . . . the plan has been proposed in good faith and not by any means forbidden by law." 11 U.S.C. § 1325(a)(3).

The debtor's first wife has a judgment against him in the approximate amount of $70,000 representing unpaid alimony. The remaining unsecured debt totals $10,000. I find that the debtor's proposal to pay $100 a month to the unsecured creditors while he pay twice that amount to keep his car is not in good faith. The debtor testified that he needs the car because he is a part-time real estate salesman and hopes to receive additional income. I do not find this reason sufficient to justify the payment terms of this plan. Although the debtor has been hoping to generate income from this source for the past three years, his only significant income to date has been from his pension. The request to extend payments under the plan to five years which has been sought by the debtor (C.P. No. 3), if granted, would not, in my opinion, cure the lack of good faith.

The debtor's plan also fails to meet the fourth requirement:

" ... the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date."

By an order entered two months before bankruptcy, the first wife obtained from a Massachusetts State court continuing garnishment of the debtor's monthly annuity check in the amount of $770.42 until the full amount of her judgment is satisfied. This judgment is nondischargeable under the provisions of § 523(a)(5). The garnishment complies completely with 15 U.S.C. § 1673. If the estate of this debtor were liquidated under chapter 7, the ex-wife's claim (assuming she received nothing from the liquidation of this estate) would survive bankruptcy and would be paid in full through garnishment within eight years.

The $40 a month proposed by the debtor's plan, totaling $2,400 over five years to be paid on account of this claim, would not even satisfy the interest accruing on the judgment and would delay this creditor at least an additional five years from receiving full payment on her claim. I find and conclude, therefore, that the value as of the effective date of the plan of property to be distributed under the plan on account of the ex-wife's claim is substantially less than the amount of the claim.

A colleague has concluded that the words in § 1325(a)(4), "the amount that would be paid on such claims" excludes the amount that would be paid on a *non-dischargeable* claim after a chapter 7 liquidation. *Matter of Marlow*, Bkrtcy.N.D.Ill.1980, 3 B.R. 305, 6 B.C.D. 77, 78. I disagree. Neither the literal provisions of the statute nor anything I have seen in the legislative history requires such a narrow construction.

In view of the foregoing findings, the debtor's application to extend the time for payment under the plan is denied. Notice is given to the debtor and to all creditors that a hearing will be held at 10:00 a. m. on Tuesday, July 7, 1981, at 701 Clematis Street, West Palm Beach, Florida, at which time this court will either grant or deny additional time for filing another plan or a modification of this plan or will either dismiss or convert this case to chapter 7.